**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:20-CV-00258-RSE**

**TRENNA L. FOWLER**                                                          **PLAINTIFF**

**VS.**

**Kilolo Kijakazi,**
*Acting Commissioner of Social Security[1]*                                  **DEFENDANT**


**MEMORANDUM OPINION**
**AND ORDER**

The Commissioner of Social Security denied Trenna L. Fowler's application for supplemental security income benefits and disability insurance benefits. Fowler seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Both Fowler (DN 21-1) and the Commissioner (DN 26) have filed a Fact and Law Summary. The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 17).

I.        Background

Trenna L. Fowler ("Fowler") was born on March 18, 1976 and was forty years old on her alleged onset disability date. (Tr. 61). Fowler received her cosmetology certificate in 1998 and subsequently began working as a hairdresser. (Tr. 40, 42, 269). Fowler is still working as a hairdresser but works primarily from her home and only goes into the salon a few days a week.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

(Tr. 40-41).  Additionally, she helps watch her six grandchildren during the week. (Tr. 40-43).

Fowler lives alone and has been housebound for the past five to six months. (Tr. 39, 48). Because Fowler cannot use the stairs in her home, she mainly resides downstairs. (Tr. 43). She stated that she can manage the household chores with occasional help from family. (Tr. 51). Fowler is unable to drive due to her panic attacks and has not driven a vehicle in seven or eight years. (Tr. 40). During the administrative hearing, Fowler testified that she suffers from a bad back, arthritis in her knees, and that her Achilles is torn. (Tr. 42-45). To manage her symptoms, Fowler is doing water therapy and recently began using a cane to assist her. (Tr. 44, 47). Fowler testified that her pain level is at a seven or eight most days. (Tr. 48-49).

Fowler applied for supplemental security income benefits ("SSI") under Title XVI and disability insurance benefits ("DIB") under Title II, claiming she became disabled on March 25, 2016 (Tr. 229-242), due to vascular problems in her legs, vascular surgeries, high blood pressure, depression, and stomach problems. (Tr. 268). Her application was denied initially (Tr. 142) and again on reconsideration (Tr. 148). Administrative Law Judge Susan Brock ("ALJ Brock") conducted a hearing in Middlesboro, Kentucky on January 15, 2019. (Tr. 35). Fowler attended the hearing with her attorney. (*Id.*). An impartial vocational expert also testified at the hearing. (*Id.*). ALJ Brock issued an unfavorable decision on May 1, 2019. (Tr. 27).

ALJ Brock applied the traditional five-step sequential analysis promulgated by the Commissioner, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Fowler has not engaged in substantial gainful activity since March 25, 2016. (Tr. 17). Second, Fowler has the severe impairments of "varicose veins, lupus, degenerative joint disease of the knees, lumbar degenerative disc disease, right carpal tunnel, obesity, depression, anxiety, and cannabis abuse (20 CFR 404.1520(c) and 416.920(c))." (Tr. 18).

2

Third, none of Fowler's impairments or combination of impairments meets or medically equals the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (*Id.*). Between steps three and four, ALJ Brock found that Fowler has the residual functional capacity to perform "sedentary work" with the following limitations:

> occasional climbing of ramps and stairs and never climbing ladders, ropes, and scaffolds; occasional stooping, kneeling, crouching, and crawling; occasional exposure to heights and vibration; simple, routine tasks with occasional interaction with coworkers, supervisors, and the public; adapt to routine changes; frequent handling and fingering with the right upper extremity; and requires a 4-prong cane for pressure relief when ambulating.

(Tr. 19-20). Fourth, ALJ Brock found that while Fowler has the residual functional capacity to perform sedentary work with the above-mentioned restrictions, she is unable to perform any of her past relevant work. (Tr. 25). Fifth, the ALJ determined that, given Fowler's age, education, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that she can perform. (Tr. 25-26). Based on this evaluation, ALJ Brock concluded that Fowler was not disabled, as defined in the Social Security Act, from March 25, 2016, through May 1, 2019, the date of her decision. (Tr. 26-27). Fowler appealed ALJ Brock's Decision. (Tr.224-27). The Appeals Council declined review. (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Fowler appealed to this Court. (DN 1).

## II.   Analysis

### A.   Standard of Review

When reviewing the administrative law judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the administrative law judge's decision is limited to an inquiry as to whether the administrative law judge's findings were supported by substantial

evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the administrative law judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

### B.      Analysis

Fowler appears to make two challenges to ALJ Brock's Finding No. 5, the residual functional capacity ("RFC") determination. The RFC finding is the administrative law judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946. The administrative law judge bases her RFC finding on a review of the record as a whole, including a claimant's credible testimony and the opinions from a claimant's medical sources. 20 C.F.R. §§ 404.1545(a)(1), 416.945 (a)(1).

Fowler first claims that ALJ Brock erred by not providing a "legitimate rationale" for assigning the opinion of her treating provider, Liane M. Dean, APRN ("APRN Dean"), little weight. (DN 21-1, at pp. 10-14). Next, Fowler claims that ALJ Brock's RFC determination is not supported by substantial evidence because it is not based on any "valid medical opinion." (*Id*. at pp. 14-15). The Court will address each allegation in turn.

### 1.      Weighing of APRN Dean's Assessment of Fowler

When making her RFC determination, ALJ Brock gave "little weight" to APRN Dean's November 2018 assessment of Fowler because it was "not well-cited" to specific medical evidence

and was not consistent with the medical evidence in the record. (Tr. 22). Fowler alleges that ALJ Brock did not evaluate APRN Dean's findings in accordance with Social Security Ruling 06-03p ("SSR 06-03p").[2] (DN 21-1, at p. 11); *see also* SSR 06-03p, 2006 WL 2329939. Specifically, Fowler contends that ALJ Brock should have considered (1) the length of the relationship between Fowler and APRN Dean; (2) how frequently Fowler saw APRN Dean; (3) how consistent APRN Dean's opinion was with the other medical evidence; (4) the degree to which APRN Dean provided relevant evidence to support her opinion; (5) APRN Dean's area of expertise; and (6) other relevant factors. (DN 21-1, at p. 11). Because ALJ Brock failed to properly evaluate APRN Dean's assessment, Fowler argues remand is warranted. (*Id*. at pp. 15-16).

### a. Does SSR 06-03p apply to this claim?

The Court must first consider whether SSR 06-03p applies to this claim. The Commissioner states that SSR 06-03p is not applicable to this claim because on April 6, 2017, SSR 06-03p was rescinded for "all purposes," not just for cases filed after March 27, 2017. (DN 26, at p. 5). Fowler disagrees. (DN 21-1, at p. 11 n.1).

An ALJ must evaluate every medical opinion in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c). In doing so, the ALJ must consider: (1) the examining relationship; (2) the degree to which supporting explanations consider pertinent evidence; (3) the opinion's consistency with the record as a whole; (4) the source's specialization related to the medical issues discussed; and (5) any other factors that tend to support or contradict the medical opinion. *Id*. But an opinion only qualifies as a "medical opinion" when it is issued by an "acceptable medical source." 20 C.F.R. §§

---

[2] Various sources cite SSR 06-03p differently. Both Fowler and the Commissioner refer to the ruling as "SSR 06-3p." *See* (DN 21-1 at p.11; DN 26, at p. 5). Additionally, in the Notice of Recission, the ruling is cited as "SSR 06-3p" in the title and referred to as "SSR 06-03p" in the text. *See* Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p, 82 Fed. Reg. 15263 (March 27, 2017). For purposes of this order, the Social Security Ruling will be referred to as "SSR 06-03p."

404.1527(a)(1), 416.927(a)(1). APRNs are not considered acceptable medical sources.[3] *See* 20 C.F.R. §§ 404.1502(a)(1)-(8), 416.902(a)(1)-(8). As such, SSR 06-03p applies because it provides guidance on evaluating "opinions and other evidence" from sources who are not considered "acceptable medical sources." SSR 06-03p, at *2-3.

On March 27, 2017, the SSA rescinded SSR 06-03p. Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p, 82 Fed. Reg. 15263 (March 27, 2017). The Notice of Rescission specified: "*Effective Date*: This rescission will be effective for claims filed on or after March 27, 2017." *Id*. On April 6, 2017, the SSA published a Correction to the Notice of Rescission that changed the effective date to read "Effective Date: March 27, 2017," essentially removing the modifiers. Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p; Correction, 82 Fed. Reg 16869 (April 6. 2017). As noted above, the Commissioner believes that the Notice of Recission and subsequent Correction should be interpreted to mean SSR 06-03p was rescinded "for all purposes" on April 6, 2017. (DN 26, at p. 12). However, both the Notice of Recission and 20 C.F.R. § 404.1502(a)(7) state that they are applicable to claims filed "on or after March 27, 2017." *See* Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p, 82 Fed. Reg. 15263 (Mar. 27, 2017); 20 C.F.R. § 404.1502(a)(7). The Correction simply lists the effective date as March 27, 2017. *See* Recission of Social Security Rulings 96-2p, 96-5p, and 06-03p; Correction, 82 Fed. Reg 16869 (Apr. 6. 2017). Various courts within the Sixth Circuit have interpreted the Notice of Rescission and subsequent Correction to mean that SSR 06-03p will continue to apply to claims filed before March 27, 2017. *See Fischer v. Comm'r of Soc. Sec*., No. 1:20-CV-623, 2021 WL

---

[3] While recent changes to the regulations now include APRNs among the list of "acceptable medical sources," the changes are expressly not retroactive. *See* 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7) ("Acceptable medical source means a medical source who is a[n] ... [APRN] ... for impairments within his or her licensed scope of practice ... only with respect to claims filed ... on or after March 27, 2017."). Fowler filed her claim in 2016, therefore APRN Dean is not an acceptable medical source. (Tr. 62, 228, 236).

795552, at *5 n.4 (N.D. Ohio Mar. 2, 2021) (The Social Security Administration amended the regulations that provide the procedure for evaluating medical evidence for claims filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (replacing 20 C.F.R. §§ 404.1527, 416.927); *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017); *Recission of Social Security Rulings 96-2p, 96-5p, and 06-[0]3p*, 82 Fed. Reg. 15263 (Mar. 27, 2017). Because Fischer filed her claims before March 27, 2017, the previous regulations govern this case.)); *see also Casey v. Saul*, No. 5:18-CV-00185-LLK, 2019 WL 5654345, at *2 (W.D. Ky. Oct. 31, 2019); *Johnson v. Saul*, No. 3:18-CV-01106, 2020 WL 1329915, at *2 (M.D. Tenn. Mar. 23, 2020). Thus, because Fowler's claim was filed in 2016, before the date of recission, there is no basis for the Commissioner's assertion that SSR 06-03p does not apply to this claim. *See* (TR. 231, 236).

      b.     *Did ALJ Brock err by assigning APRN Dean's assessment little weight?*

Fowler takes issue with ALJ Brock's consideration of APRN Dean who she characterizes as both a "treating source" and her "primary care provider." (DN 21-1, at pp. 10, 12). According to Fowler, the ALJ did not provide sufficient rationale for rejecting the opinion of APRN Dean, and as a result, ALJ Brock's RFC determination is not supported by substantial evidence. (*Id.*). Fowler further contends that the ALJ did not evaluate APRN Dean's opinion in accordance with the guidelines set forth in SSR 06-03p. (*Id.* at p. 11).

The Commissioner responds that the ALJ properly gave APRN Dean's assessment "little weight" because APRN Dean is not an "acceptable medical source" and, therefore, cannot give a "medical opinion" or be considered a "treating source." (DN 26, at p. 5). The Commissioner further contends that ALJ Brock gave sufficient explanation for the weight she assigned APRN Dean's

assessment by explaining that she found it "not well-supported," inconsistent with the medical evidence in the record, and inconsistent with Fowler's daily activity. (*Id*. at pp. 6-12).

Pursuant to the so-called "treating physician rule," a treating physician's opinion must be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404. 1527(c)(2), 416.927(c). If controlling weight is not assigned to the treating source's opinion, the ALJ must consider the factors in paragraphs (c)(1)-(6) of this section in deciding how much weight to accord the medical opinions in the record. *Id*. ALJs are required to give "good reasons" for the weight assigned to a treating source's medical opinion. *Id*. The "treating physical rule," however, only applies to "acceptable medical sources." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *see also Richardson v. Saul*, 511 F. Supp. 3d 791, 802 (E.D. Ky. 2021) (Deference under the 'treating source' rules is due only to 'acceptable medical sources[.]'").

At the time of ALJ Brock's decision, however, APRN Dean was not considered an "acceptable medical source." [4] *See* 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7). Regardless, ALJ Brock was still required to consider APRN Dean's opinion of Fowler and explain why she assigned it "little weight." *See* 20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Hill v. Comm'r of Soc. Sec.*, 560 Fed.Appx. 547, 550 (6th Cir. 2014) (citing SSR 06-03p at *6) (While an ALJ must consider opinions from other sources and "generally should explain the weight given" to their opinions, these opinions are "not entitled to any special deference.")); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). "Such an explanation must be sufficient to allow the claimant and

---

[4] Fowler appears to concede that APRN Dean is not an "acceptable medical source" despite the fact that she refers to APRN Dean as both her "treating source" and "primary care provider." *See* (DN 21-1, at p. 11). The Court further notes that ALJ Brock referred to APRN Dean's November 2018 assessment as one from a "treating source" but finds this to be a harmless error. *See* (Tr. 21).

a subsequent reviewer to understand the ALJ's reasoning." *Fischer,* 2021 WL 795552, at *5 (citing

*Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 249 (6th Cir. 2015); SSR 06-03p, at *15-16).

Pursuant to SSR 06-03p, an ALJ should consider the same factors set forth in 20 C.F.R. §§

404.1527(d) and 416.927(d) when weighing an opinion from a medical source who is not an

"acceptable medical source." SSR 06-03p, at *4-5. These factors include:

> [h]ow long the source has known and how frequently the source has seen the individual; [h]ow consistent the opinion is with other evidence; [t]he degree to which the source presents relevant evidence to support an opinion; [h]ow well the source explains the opinion; [w]hether the source has a specialty or area of expertise related to the individual's impairment(s); and [a]ny other factors that tend to support or refute the opinion.

*Id*.; *see also Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 541 (6th Cir.2007).

Review of ALJ Brock's RFC determination reveals that the ALJ did consider APRN

Dean's assessment of Fowler and briefly explained why she believed the opinion should be

afforded "little weight." (Tr. 21-22).  ALJ Brock opined that the assessment was "not well-cited"

to any specific medical evidence, inconsistent with the medical evidence in the record, and

inconsistent with the state agency reviewing physicians' assessments of Fowler. (*Id*.). Fowler

argues that ALJ Brock's reasons for rejecting APRN Dean's assessment are "insufficient." (DN

21-1). However, the Court notes that ALJ Brock did not reject APRN Dean's assessment of

Fowler, she simply assigned it "little weight" in accordance with the applicable regulations.  *See*

*Brewer v. Astrue*, No. 4:11–CV–00081, 2012 WL 262632, at *10 (N.D. Ohio Jan. 30, 2012) ("SSR

06–[0]3p does not . . . include an express requirement for a certain level of analysis that must be

included in the decision of the ALJ regarding the weight or credibility of opinion evidence from

other sources." (internal quotation marks and citation omitted)).

It is worth noting that APRN Dean's assessment from November 2018 is basically a

"check-box analysis" with a few fill in the blank questions. *See Hernandez v. Comm'r of Soc.*

*Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) (noting that reports, where the physician's only obligation is to check a box or fill in a blank, are generally weak evidence at best). APRN Dean simply checked boxes classifying Fowler with severe limitations without offering any explanation of medical findings to support her conclusions. (Tr. 1033-34). Fowler alleges that APRN Dean did not need to cite to specific findings or medical evidence because, as her primary care provider, APRN Dean referred Fowler to many of the specialized treatments she received and "was undoubtedly aware of these notes and [Fowler's] progress. . ." (DN 21-1, at pp. 12-13). However, ALJ Brock properly concluded that this assessment should be given "little weight" because it was "not well-cited as to specific exam findings or imaging evidence to support such severe restrictions. . . ." (Tr. 22); *see also Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016) (The Sixth Circuit has recognized that an ALJ can properly give check-box forms "little weight where the physician provided no explanation for the restrictions entered on the form and cited no supporting objective medical evidence.").

Thus, the ALJ's decision, albeit brief, demonstrates that she considered APRN Dean's opinion and properly concluded that it be afforded little weight. Fowler has failed to demonstrate that ALJ Brock erred with respect to her evaluation of APRN Dean and the Court, therefore, finds that ALJ Brock's RFC determination is supported by substantial evidence.

### 2.   Medical Evidence of Record

Fowler briefly argues that ALJ Brock's RFC determination is not supported by substantial evidence because it is not based on any "valid medical opinion." (DN 21; 21-1, at pp. 14-15). Fowler contends that once the ALJ *rejected* APRN Dean's opinion, there were no "legitimate opinions" left to support the RFC and, as such, ALJ Brock should have taken steps to "develop a complete record." (DN 21-1, at pp. 14-15). However, this is a mischaracterization of the record.

ALJ Brock did not "reject" APRN Dean's assessment, she simply assigned it "little weight." (Tr. 21-22). Additionally, Fowler fails to take into consideration that in addition to assigning APRN Dean's assessment "little weight," the ALJ also took into consideration other medical evidence in the record and the medical opinions of the state agency reviewing physicians. (Tr. 21).

The claimant bears the burden of establishing the existence and severity of the limitations caused by her physical and mental impairments. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007). But the regulations provide that the ALJ is responsible for developing the administrative record. *See* 20 C.F.R. §§ 404.1512(b), 404.1545(a)(3), 416.912(b), 416.945 (a)(3). Before the ALJ makes a determination that a claimant is not disabled, she must develop the claimant's complete medical history, "including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from [the claimant's] medical sources." 20 C.F.R. § 416.945. While an ALJ's decision whether to order a consultative examination or request additional medical opinions is discretionary, the ALJ must ensure that the residual functional capacity determination is supported by "'substantial evidence' in the administrative record." *Brown v. Saul*, No. 1:19-CV-00165-HBB, 2020 WL 5077257, at *4 (W.D. Ky. Aug. 27, 2020) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio 2008); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007)).

Here, ALJ Brock made her RFC determination by weighing the opinions of Fowler's consultive psychological examiner, Daniel A. Miller, Ph. D. (Tr. 661-67), the state agency reviewing physicians (Tr. 61-78, 79-96, 99-116, 117-34), and APRN Dean (Tr. 1033-34). (Tr. 21-22). Additionally, ALJ Brock evaluated the medical evidence dated after their evaluations were completed. (Tr. 20-25). This included Fowler's recent testimony about the pain she experiences in her back, knees, and legs as well as the fact that she is having difficulty walking so she recently

began using a cane when ambulating. (Tr. 21). The ALJ also took into consideration the side effects

Fowler alleged she experienced from taking her prescribed medication. (*Id.*). Though the state

agency reviewing physicians did not have access to the entire record at the time they authored their

opinions, ALJ Brock recognized this by discussing the more recent evidence and adopting an RFC

finding more restrictive than the ones the state agency reviewing physicians proposed.[5] (Tr. 21-

25) ("[T]he undersigned has added limitations in the claimant's favor beyond those assessed by

the reviewing physicians . . . .").

Thus, because the decision to order a consultative examination or medical expert testimony

is discretionary and there is enough objective medical evidence to support ALJ Brock's RFC

determination, ALJ Brock did not err in concluding additional medical opinions were not

necessary. The ALJ's RFC determination, therefore, is supported by substantial evidence

### III.   ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Regina S. Edwards, Magistrate Judge
United States District Court

August 13, 2021

Copies:       Counsel of Record

---

[5] The ALJ reduced Fowler's RFC from light work, as recommended by the state agency reviewing physicians, to sedentary work. (Tr. 19, 21).